In the Matter of PHILLIP M. ROSSBACH (Admitted as PHILLIP MARTIN ROSSBACH), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 26, 1992

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* for petitioner.

*Joseph A. Suozzi* for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the Special Referee sustained Charges One through Five and subsections (d) and (e) of Charge Six and dismissed subsections (a), (b) and (c) of Charge Six. The petitioner moves to confirm those findings except for the Special Referee's failure to sustain Charge 6 (a) and (b). The respondent cross-moves to confirm the report of the Special Referee to the extent that it failed to sustain Charge 6 (a) and (b) and to disaffirm so much of the report as sustained Charge 6 (d) and (e).

Charge One alleged that the respondent neglected a criminal matter he was retained to handle in December 1985 by Charles Benkov, who was charged with a misdemeanor. At the time, the respondent was associated with the law firm of Robert Farrell. The respondent was paid $350 of a $1,500 retainer. On April 9, 1986, the respondent appeared in court with his client and requested an adjournment. Thereafter, Mr. Farrell died and the respondent left the firm. However, he arranged to continue his representation of Mr. Benkov, who was scheduled to appear in court on June 5, 1986. From the end of April 1986 through May 19, 1986, Mr. Benkov tried unsuccessfully by telephone and by certified letter to contact the respondent. On May 19, 1986, Mr. Benkov arranged for another attorney from Mr. Farrell's firm to represent him in lieu of the respondent and paid the new attorney $700. However, on that same day, the respondent contacted Mr. Benkov, apologized, and convinced Mr. Benkov to allow him to continue with the case. The respondent obtained the $700 from the other attorney but failed to contact Mr. Benkov as he had said he would do. Mr. Benkov then encountered further difficulties in contacting the respondent. When he finally reached the respondent, the respondent told him he intended to seek an adjournment because he was not ready for trial. An adjournment was granted on June 5, 1986, until September

22, 1986. During that time period, the respondent never contacted his client, although the client had left 80 to 90 messages on the respondent's answering machine and had sent two certified letters. The respondent failed to appear in court on September 22nd, and as a result thereof, his client was required to obtain new counsel. On October 27, 1986, Mr. Benkov was awarded $629.89 in an action against the respondent for unearned legal fees.

Charge Two alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of Mr. Benkov's complaint. He failed to respond to that complaint, which was sent to him on August 27, 1986.

Charge Three alleged that the respondent neglected a bankruptcy action he had been retained to handle for Patricia Cozier on April 30, 1986, and that he later misrepresented the status of the case to her. When she retained the respondent, Ms. Cozier told him that a petition had to be filed promptly because the Sheriff's Department was about to garnish her salary. The respondent received a $410 retainer and told his client that if she completed the necessary forms by May 1, 1986, he would file the papers on May 5th. Although the respondent received the completed forms in sufficient time, he failed to file said forms with the court by May 5th as promised. The respondent then promised to file the papers by May 7th. On the 7th he told his client that the petition was still not ready. Between May 9th and May 13th, the respondent failed to return telephone messages left by his client. The respondent finally completed the forms and had Ms. Cozier sign the petition for bankruptcy on May 15th. The respondent indicated that he would file the petition the next day and would contact the Sheriff's Department to stop the garnishment. The respondent failed to do so and did not file the petition until May 29th. On June 5th, Ms. Cozier's paycheck was garnished. Ms. Cozier tried unsuccessfully to contact the respondent for the next several days. She finally went to the court herself on June 10th, obtained a copy of the bankruptcy petition and sent it to the Sheriff's Department. The respondent failed to appear in Bankruptcy Court on July 14, 1986. As a result thereof, his client had to proceed without benefit of counsel. The respondent never completed the matter and never returned any of the unearned fee.

Charge Four alleged that the respondent failed to cooperate with the Grievance Committee in its investigation of the Cozier complaint. That complaint was sent to the respondent

on July 21, 1986, by certified mail, and was returned to the Grievance Committee marked "unclaimed". Thereafter, on August 22, 1986, the respondent was served with a subpoena requiring his appearance at the Grievance Committee on September 2, 1986. He failed to either appear or to request an adjournment.

Charge Five alleged that the respondent has been guilty of gross failure to cooperate with investigations into the allegations of professional misconduct by the Board of Bar Overseers of the Supreme Judicial Court of the State of Massachusetts and the petitioner Grievance Committee. Specifically, at the request of the Massachusetts Board, the respondent was personally served in New York with a subpoena on March 6, 1986, requiring his appearance in Massachusetts on March 14, 1986. He appeared on the adjourned date of March 28th and was directed to file written answers to two of the complaints pending against him in Massachusetts. When his answers proved to be unsatisfactory, the respondent was again served in New York on April 30, 1986, with a subpoena and with a third complaint from Massachusetts. In June 1986, the Massachusetts Board requested the petitioner's assistance in locating the respondent for the purpose of serving contempt papers. Thereafter, on August 22, 1986, the respondent was served with a subpoena requiring his appearance at the Grievance Committee on September 2, 1986. He was also served with two additional complaints from Massachusetts. The respondent failed to appear.

After reviewing all of the evidence adduced, we find that the respondent is guilty of the five charges of misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee to the extent that it sustains Charges One through Five and dismisses Charge Six (c) is granted. The respondent's cross motion to confirm the report of the Special Referee to the extent that it fails to sustain Charge Six (a) and (b) and to disaffirm the report to the extent that it sustains Charge 6 (d) and (e) is granted.

In determining an appropriate measure of discipline to impose, we have taken into consideration the mitigating circumstances advanced by the respondent, particularly, his drug and alcohol abuse.

By order dated March 30, 1992, the Supreme Judicial Court of Massachusetts publicly censured the respondent and placed him on disability inactive status on condition that he refrain

from any alcohol or other substances during that period and that he enter into a formal contract with Lawyers Concerned for Lawyers, under which his sobriety and abstinence would be monitored. That order entitled the respondent to apply for reinstatement to active status in Massachusetts, where he has maintained an office for the practice of law in the recent past, on or after December 10, 1992, which might include terms of probation and continued participation in treatment programs.

Accordingly, the respondent is suspended from the practice of law in New York for a period of one year, with leave to apply to vacate the suspension and to be reinstated to the roll of attorneys and counselors-at-law if the State of Massachusetts restores him to active status within that time.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Phillip M. Rossbach, is suspended from the practice of law in New York for a period of one year, commencing June 30, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement if the State of Massachusetts restores him to active status during that time upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Phillip M. Rossbach is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.